IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL JAMES NOLAN, #09185-030, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 15-cv-01386-NJR ) |
| AMAR SAWAR, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Daniel Nolan, an inmate who is currently incarcerated at the United States Penitentiary in Marion, Illinois, brings this action against Doctor Amar Sawar, a private physician who treated him for chronic pain while under contract with the Federal Bureau of Prisons. In his complaint, Plaintiff raises an Eighth Amendment deliberate indifference to medical needs claim against the doctor pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) ("*Bivens*"), and a negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. He seeks monetary damages.

## Merits Review Under 28 U.S.C. § 1915A

The complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. According to Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Doctor Sawar is a private physician who contracts with the Bureau of Prisons ("BOP") to provide medical services to federal inmates at the United States Penitentiary in Marion, Illinois ("USP-Marion"). (Doc. 1). Plaintiff met with the doctor in 2009 for "constant and debilitating pain" in "various parts of his body." (*Id.* at 1, 5). According to the complaint, Doctor Sawar diagnosed Plaintiff with Raynaud's disease[1] and prescribed Losartan[2] (50 mg). Plaintiff claims the diagnosis was incorrect and the prescription was ineffective. (*Id*.).

---

[1] Raynaud's disease is a rare disorder of the blood vessels, which usually occurs in the fingers and toes. When the affected individual is cold or distressed, the blood vessels narrow, causing the area to turn white

Plaintiff learned of the misdiagnosis when he later met with a neurologist, Lori Gayton ("Doctor Gayton"). Doctor Gayton diagnosed Plaintiff with "C.R.P.S."[3] and prescribed Lyrica[4] to treat the condition. Plaintiff describes his current condition as largely unchanged: "Mr. Nolan is still having pain and swelling that can't be controlled by Mr. Nolan. Mr. Nolan is also suffering from acute pain caused by the swelling and any type of daily activities or any type of work that he does." (*Id*. at 5). In other words, his symptoms of chronic pain persist, despite the new diagnosis and medication.

## Discussion

A federal prisoner who seeks relief for the misconduct of federal agents has three options for obtaining relief in federal court. He may bring a suit against the United States under the FTCA for misconduct of federal agents that is considered tortious under state law. *Sisk v. United States*, 756 F.2d 497, 500 n. 4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680). He may bring a *Bivens* suit against the agent for a violation of his constitutional rights. *Id.* Or, he may bring both types of claims in the same suit. *See, e.g., Ting v. United States*, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991).

Plaintiff brings a *Bivens* claim against Doctor Sawar for misdiagnosing and mistreating his chronic pain, in violation of the Eighth Amendment (**Count 1**). However, he commenced the

---

and blue. When blood flow returns, the skin turns red and throbs or tingles. In severe cases, loss of blood flow can cause sores or tissue death. *See* https://www.nlm.nih.gov/medlineplus. *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[2] Losartan is most commonly used alone or in combination to treat high blood pressure. *See id.*

[3] This presumably refers to "complex regional pain syndrome," a chronic pain condition that usually affects one of the limbs (arms, legs, hands, or feet) after injury or trauma to that limb. The cause of the condition is "damage to, or malfunction of, the peripheral and central nervous systems." *See* http://www.ninds.nih.gov/disorders.

[4] Lyrica (pregabalin) is an anti-epileptic drug that is also used to "relieve neuropathic pain (pain from damaged nerves) that can occur in your arms, hands, fingers, legs, feet, or toes," in individuals who have diabetes or shingles. In addition, it is used to treat fibromyalgia, a "long-lasting condition that may cause pain, muscle stiffness and tenderness, tiredness, and difficulty falling asleep or staying asleep." *See* https://www.nlm.nih.gov/medlineplus.

action pursuant to the FTCA (**Count 2**). Plaintiff cannot proceed against the doctor under either *Bivens* or the FTCA, and the complaint shall therefore be dismissed.

### Count 1 – *Bivens*

This is the third time in just over two years that Plaintiff has filed a *Bivens* action in this District against Doctor Sawar.[5] *See also Nolan v. Duncan, et al.*, Case No. 13-cv-895-NJR-DGW (S.D. Ill. 2013) ("*Nolan I*"); *Nolan v. Sawar*, Case No. 14-cv-1340-NJR (S.D. Ill. 2014) ("*Nolan II*"). The conduct giving rise to the claims against the doctor is the same in all three cases. In each, Plaintiff sues Doctor Sawar for misdiagnosing and mistreating his chronic pain.

This claim has never survived screening. In *Nolan I*, the Court determined that the conduct described in the complaint did not rise to the level of deliberate indifference in violation of the Eighth Amendment. (Doc. 5 at 8, *Nolan I*). The Court dismissed the *Bivens* claim against Doctor Sawar *with* prejudice. (*Id.*).

Undeterred, Plaintiff filed *Nolan II* the following year. He named Doctor Sawar as the only defendant in that action. The complaint described virtually the same conduct that was at issue in *Nolan I*. (Doc. 1 at 5, *Nolan II*). Not surprisingly, the *Bivens* claim against Doctor Sawar was dismissed for the same reason the Court dismissed the claim in *Nolan I*, *i.e.*, for failure to establish any deliberate indifference on the part of the doctor. (Doc. 4, *Nolan II*). The Court dismissed the entire action, after noting that Plaintiff included *even fewer* factual allegations in support of his *Bivens* claim the second time around. (*Id*. at 6, *Nolan II*). Plaintiff also received a "strike" for bringing an action that failed to state a claim upon which relief may be granted. (*Id*. at 8, *Nolan II*) (citing 28 U.S.C. § 1915(g)).

The complaint in this case followed on December 21, 2015. (Doc. 1, *Nolan III*). Plaintiff's factual allegations against Doctor Sawar state:

---
[5] The instant action shall be referred to as "*Nolan III*."

> Mr. Nolan has been seen by Dr. Amar Sawar who is an outside provider for the prison. Dr. Sawar still never did provide any help for Mr. Nolan at the time he was seeing Dr. Sawar. . . . Amar Sawar . . . incorrectly diagnosed Mr. Nolan's medical condition, saying he has Raynaud's disease without evidence of underlying connective tissue disease including scleroderma. Dr. Sawar also provided Mr. Nolan ineffective medication.

(*Id*. at 5, *Nolan III*). Plaintiff offers no other information about his treatment with Doctor Sawar in the statement of his claim. (*Id*.).

This claim suffers from the same infirmities as the ones before it. The threadbare allegations fall far short of demonstrating that Doctor Sawar violated Plaintiff's rights under the Eighth Amendment. Even if the doctor misdiagnosed Plaintiff's condition, this error does not amount to deliberate indifference. The Seventh Circuit has repeatedly held that the misdiagnosis of a medical condition does not constitute deliberate indifference or support an Eighth Amendment claim. *Williams v. Guzman*, 346 Fed. Appx. 102, 106 (7th Cir. 2009); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). A medical professional will not be found deliberately indifferent to a plaintiff's medical needs unless he makes a decision that "represents 'such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such judgment.'" *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (citing *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006)). A medical professional's judgment will be accorded deference unless "no minimally competent professional would have so responded under those circumstances." *Jackson*, 541 F.3d at 698 (citing *Sain*, 512 F.3d at 895) (quoting *Collignon*, 163 F.3d at 988).

The allegations in no way suggest that Doctor Sawar strayed so far afield from accepted professional standards that his diagnosis and treatment decision amounted to deliberate

indifference. To the contrary, the complaint makes it clear that Plaintiff's condition is complex, and his diagnosis and treatment plan remain in question. Even after the "misdiagnosis" was discovered and "corrected" by Doctor Gayton, Plaintiff's symptoms have persisted. (Doc. 1 at 5, *Nolan III*).

Plaintiff seems to think that the Constitution guarantees him perfect health. He requests money damages that represent "the value of any part of his body or physical functioning which cannot be replaced or restored." (Doc. 1 at 6). But medicine is not an exact science, and medical professionals cannot be held to impossible standards. "[T]he Constitution is not a medical code that mandates specific treatment" or perfect health. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). **COUNT 1** against Doctor Sawar shall be dismissed with prejudice.

### Count 2 - FTCA

It is altogether unclear whether Plaintiff even intended to bring a claim under the FTCA. Other than checking the box for an FTCA claim on the first page of the civil rights complaint form (Doc. 1 at 1, *Nolan III*), Plaintiff did not mention the FTCA anywhere in his pleading. And because the complaint fails to satisfy any of the threshold requirements for an FTCA claim, it must be dismissed.

The FTCA allows "civil actions on claims against the United States, for money damages. . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). State tort law of the state where the tort occurred applies when determining "whether the duty was breached and whether the breach was the

proximate cause of the plaintiff's injuries." *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008). *See also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

The *only* proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(b). *Jackson*, 541 F.3d at 692-93; *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1982) ("Plaintiff has no cause of action [under the FTCA] . . . against an employee, her exclusive remedy being an action against the United States."). Plaintiff cannot proceed with an FTCA claim against Doctor Sawar, and he failed to name the United States as a defendant.

In addition, a litigant cannot commence a suit under the FTCA against the United States until *all* administrative remedies are exhausted. *See* 28 U.S.C. § 2675. This requirement is jurisdictional. *Id.*; *McNeil v. United States*, 508 U.S. 106 (1993). The FTCA bars claimants from bringing suit against the United States in federal court until they have exhausted their administrative remedies. *Id.*

According to federal statute, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *See* 28 U.S.C. § 2401(b); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). In other words, tort claimants who file suit against the United States can be barred by the statute of limitations in two ways: (1) the claimant can be barred if he does not file a claim with the appropriate federal agency within two years; and (2) the claimant can be barred, even after filing a timely administrative claim, if he fails to file a suit in district court within six months after final notice of the agency's action on the claim. *Id.*

The complaint discloses no efforts on Plaintiff's part to file an administrative claim with the BOP before commencing this action. Plaintiff's informal grievances (*i.e.*, BOP 8, 9, 10, and 11) (Doc. 1 at 4) do not satisfy this requirement. Absent documentation establishing that Plaintiff filed a proper claim with the BOP that was formally denied, the Court cannot determine whether it even has subject matter jurisdiction over the FTCA claim. Even if Plaintiff had named the United States as a party, it is not clear that he could move forward with the claim.

To add to the problems, Plaintiff's FTCA claim appears to be time-barred. He filed this action on December 21, 2015. The only date of treatment that he mentioned in the complaint is 2009: "On or about the year of 2009, I've been seen by Amar Sawar." (*Id*. at 1, *Nolan III*). If he was treated in 2009, the claim against the United States is certainly time-barred.

Plaintiff also refers to exhibits that he filed in a prior action. The Court examined these documents, which were attached to the complaint in *Nolan I*, and found a grievance indicating that Plaintiff was last seen by Doctor Sawar on March 6, 2013. (Doc. 1 at 7, *Nolan I*). He filed this action more than two years and nine months later. Therefore, even if his treatment did not end until March 2013, a claim against the United States may still be time-barred.

Finally, the complaint offers insufficient allegations to support his FTCA claim, even at this early stage. His allegations are so threadbare, conclusory, "sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim." *Smith*, 631 F.3d at 419; *Brooks*, 578 F.3d at 581. Therefore, the FTCA claim would be subject to dismissal, even if the United States was named as a defendant in the complaint.

For all of the reasons discussed above, **COUNT 2** shall be dismissed with prejudice against Doctor Sawar. Plaintiff is free to commence a new action, in which he pursues a claim

under the FTCA against the United States, if he believes that the claim is viable. The Court takes no position regarding the merits of such a claim.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** and **2** against Defendant **AMAR SAWAR** are **DISMISSED with prejudice**. Plaintiff is **WARNED** that further redundant, frivolous claims filed against Doctor Sawar in this District may result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  January 15, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**